# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 04-50159

VERSUS                                      CIVIL ACTION NO. 08-0040

PERRY MOSLEY                                JUDGE S. MAURICE HICKS, JR.

## MEMORANDUM RULING

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 74) filed by the Petitioner, Perry Mosley ("Mosley"). Mosley seeks to vacate his sentence on the grounds of selective prosecution; ineffective assistance of counsel; and unconstitutional sentencing due to the disparity between crack cocaine and powder cocaine sentences.  See id.  For the reasons discussed herein, Mosley's motion is **DENIED**.

## PROCEDURAL BACKGROUND

On November 18, 2004, a federal grand jury returned a five-count Indictment against Mosley.  See Record Document 1.  Count One charged him with conspiracy, between January 1, 2004 and March 12, 2004, to distribute and to possess with intent to distribute more than five grams of a mixture and substance containing a detectable amount of cocaine base (crack cocaine), in violation of 21 U.S.C. §§ 841(a)(1) and 846.  See id. Count Two charged him with a substantive offense of possession with intent to distribute more than five grams of a mixture or substance containing a detectable amount of cocaine base (crack cocaine), in violation of 21 U.S.C. § 841(a)(1), on March 12, 2004.  See id. Count Three charged him with possessing six firearms in furtherance of a drug trafficking crime which had been alleged in Count Two, in violation of 18 U.S.C. § 924(c)(1)(A)(I).  See id.  Count Four charged him with being a felon in possession of a firearm, in violation of 18

U.S.C. § 922(g)(1).  See id.  Count Five was a forfeiture count.  See id.

On February 8, 2005, after a three-day jury trial, Mosley was found guilty.  See Record Document 44.  Mosley had moved for a judgment of acquittal at the close of the evidence.  See Record Document 40.  The motion was denied.  See id.  The Court ordered forfeiture of the weapons based on the jury verdict.  See id.

On July 14, 2005, Mosley was sentenced to 150 months imprisonment as to Counts One, Two and Four.  See Record Document 62.  He received an additional 20 months under 18 U.S.C. § 3147 to run consecutively to the other sentence.  See id.  As to Count Three, he was sentenced to 60 months imprisonment which is to run consecutively to the sentence imposed as to Counts One, Two and Four and the sentence under 18 U.S.C. § 3147.  See id.  The total combined sentence was 230 months imprisonment.  See id.

The United States Court of Appeals for the Fifth Circuit affirmed Mosley's conviction on November 17, 2006.  See Record Document 73.  The decision was entered into the district court record as mandate on December 12, 2006.  See id.

On December 15, 2009, the Court entered an Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2).  See Record Document 88.  Mosley's sentence as to Counts One, Two, and Four was reduced to 133 months.  See id.

## FACTUAL BACKGROUND[1]

On January 27, 2004 and March 9, 2004, a confidential informant purchased crack cocaine from an individual at 492 E. 73rd Street, in Shreveport, Louisiana.  On the basis of those purchases, law enforcement officers obtained a search warrant for this particular

---

[1]The factual background is taken from the Jury Trial Transcript.

residence.   On March 12, 2004, when the search warrant was being executed, law enforcement noticed that a camera was mounted on the outside of the residence.  When the officers entered the residence, Mosley ran out the back door and was arrested in the backyard.  Charles James ("James"), who was renting that residence, was inside.

A Mossberg .20 gauge shotgun was found in the closet of the southwest bedroom of the residence.  The guns in the attic were easily accessible as they were right at the top of the steps.  James testified that the guns had been placed in the attic because there had been several search warrants executed in the neighborhood.  According to James, Mosley had suggested that the guns be placed in the attic.

Crack cocaine and cocaine powder were found in a canister on the kitchen counter. Digital scales were found next to the canister.  The drugs were found in small baggies. When arrested, James told the officers that he and Mosley sold drugs from the house.

James testified that he had pleaded guilty to the drug and gun charges and that he was testifying pursuant to a plea agreement.  He further testified that he and his brother lived at 592 E. 73rd Street and that Mosley spent significant time at that residence because he worked at a barber shop around the corner.  Mosley would come by during his lunch breaks and would take naps in the house.  James testified that he would let Mosley use his key when he was not around.

James testified that in 2004, drugs were sold out of that house.  The individuals selling drugs out of the house included James, Mosley, James' brother Perry James, and one of Mosley's cousins, A.B.  He specifically testified that Mosley sold powder and crack out of that house.  He testified that he actually saw Mosley sell crack or powder out of the house on two to three occasions.  Mosley knew his customers from before, would sell

inside the house, and would make arrangements over his cell phone.

The crack and the powder cocaine were kept in the kitchen.  James testified that Mosley was aware that James had installed a camera with two monitors.  Mosley had handled all the guns found in the house.  Mosley had stated that he preferred the revolver because it was easier to handle and would not "spit out" shells.

James testified that on the date of the arrest when he had come home, Mosley was there and had ordered some pizza.  Right after the pizza was delivered, the police arrived.  James testified that after he was arrested, he did meet with an investigator for Mosley's attorney and with Mosley's girlfriend.  Pursuant to the request by Mosley's girlfriend, he told the investigator that Mosley had been at the house on the day of the search just to eat pizza.

## LAW AND ANALYSIS

### A.    Claims Not Cognizable Under 28 U.S.C. § 2255.

After conviction and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." U.S. v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), quoting U.S. v. Frady, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592 (1982).  "Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless post conviction collateral attacks.  To the contrary, a final judgment commands respect." Frady, 456 U.S. at 164-65, 102 S.Ct. at 1593.  Consequently, issues that can be presented in a motion filed under 28 U.S.C. § 2255 are limited.  A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. See Shaid, 937 F.2d at 232.  As the Fifth Circuit has stated:

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.  Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Even if a defendant has issues that are constitutional or jurisdictional in nature, he may be procedurally barred from raising them.  In order to raise an issue for the first time on collateral review, a defendant  must show both "cause" for his procedural default and "actual prejudice" resulting from the error.  Id. at 168.  To establish "cause," a defendant must show some external impediment prevented him from raising the claim on direct appeal.  See U.S. v. Flores, 981 F.2d 231, 235 (5th Cir. 1993).  In order to meet the "actual prejudice" test, he must demonstrate not just the possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension."  Shaid, 937 F.2d at 233.

A narrow exception to the "cause and actual prejudice" requirement exists in extraordinary cases "in which a constitutional violation has probably resulted in the conviction of one who is actually innocent."  Id. at 232.  The Supreme Court has emphasized that this exception is limited to only those cases involving "manifest miscarriages of injustice" that would result in the continued incarceration of an innocent person.[2]  Id., citing Smith v. Murray, 477 U.S. 527, 537, 106 S.Ct. 2661, 2649 (1986).

---

[2]To establish "actual innocence" in a case where the petitioner entered a plea of guilty, he must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998), citing Schlup v. Delo, 513 U.S. 298, 327-28, 115 S.Ct. 851, 867-68, 130 L.Ed.2d 808 (1995).

**Selective Prosecution**

"The decision to prosecute one person and not another is a proper exercise of executive discretion with which we are reticent to interfere." U.S. v. Webster, 162 F.3d 308, 333 (5th Cir. 1998).  To demonstrate that the Government engaged in unconstitutionally discriminatory selective prosecution, a defendant such as Mosley must make a two-pronged showing:

> (1)   He needs to make out a *prima facie* showing that he has been singled out for prosecution but others similarly situated of a different race were not prosecuted.

> (2)   He must demonstrate that the discriminatory selection of him for prosecution is invidious or in bad faith, in that it rests on such impermissible considerations as race, religion, or the desire to prevent his exercise of his constitutional rights.

See id. at 334-335.  "In making these requisite showings, the defendant must rebut the presumption that the government made its decision to prosecute in good faith and in a nondiscriminatory manner."  Id. at 335.  To rebut the presumption, the defendant must present "clear evidence to the contrary."  Id.

Mosley contends that his constitutional rights were violated due to selective prosecution.  To support this allegation, he argued:

> The Government's claims hinged on Grand Jury and trial testimony of a Charles James (a co-defendant) who gave sworn testimony that he sold crack cocaine for his brother, Terry James, who lived in the house with him. He stated that his brother sold crack with him and the defendant as a group. He also told these same things to the arresting officer. . . .  However, the Government singled out [Mosley] for prosecution while not pursuing the equally-incriminated brother of the co-defendant, a clear violation of the Equal Protection Clause and the Due Process Clause.

Record Document 74 at 4.  Mosley's allegation of selective prosecution is an issue that should have been raised on direct appeal.  However, he contends that his appellate

attorney refused to raise the issue on appeal.

"Constitutionally ineffective assistance of counsel,[3] in the form of failure to raise issues on appeal, can operate as cause for procedural default." U.S. v. Hampton,  No. 96-30295, 1996 WL 595656, *2 (5th Cir. Sept. 20, 1996), citing Murray v. Carrier, 477 U.S. 478, 488-492, 106 S.Ct. 2639, 2645-2648 (1986).  "Attorney error short of ineffective assistance of counsel does not constitute cause for a procedural default." Murray, 477 U.S. at 492, 106 S.Ct. at 2647-2648.  Thus, this Court must determine if Mosley's appellate counsel was constitutionally ineffective in failing to raise the issue of selective prosecution, such that there was "cause" for the procedural default.

"Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim." U.S. v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994); see also Sones v. Hargett, 61 F.3d 410, 415 n. 5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point.").  Mosley's appellate counsel  counsel was not ineffective for failing to raise the selective prosecution issue because it is simply an unsupported allegation based only on conclusory assertions.  Mosley has pointed to no specific facts or evidence to rebut the presumption that the Government made its decision to prosecute in good faith and in a nondiscriminatory manner.

Based on the foregoing, Mosley has failed to show cause for his failure to raise the issue of selective prosecution on direct appeal.  His claim is procedurally barred and his Section 2255 motion on this ground must be denied.

---

[3]To prevail on a claim of ineffective assistance of counsel, the petitioner must prove (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984).

**Unconstitutional Sentencing Due to the Crack Cocaine/Powder Cocaine Disparity**

Mosley argues that the sentence imposed in this case was unconstitutional because it was based in part upon a significant disparity for crack cocaine and powder cocaine. See Record Document 87. This allegation should have been raised on direct appeal.

Mosley does not allege cause and prejudice for his failure to raise the powder cocaine/crack disparity issue in a direct appeal. See Hampton, 1996 WL 595656, *2. He does not allege that his counsel was ineffective for failing to raise the disparity issue on direct appeal, nor does he allege that he was actually innocent of the crime of conviction. Therefore, none of these issues serve as basis for "cause" for his failure to raise the crack cocaine/powder cocaine disparity issue on direct appeal and his Section 2255 motion on this ground must be denied.

**B.      Ineffective Assistance of Counsel Claims.**

The general ruling prohibiting a defendant from raising claims on collateral review absent "cause" and "actual prejudice" does not apply to claims of ineffective assistance of counsel. Massaro v. U.S., 538 U.S. 500, 504, 123 S.Ct. 1690, 1693 (2003). The procedural-default rule is a doctrine employed by the courts "to conserve judicial resources and to respect the law's important interest in the finality of judgments." Id. Requiring a criminal defendant to bring ineffective assistance of counsel claims on a direct appeal promotes neither of these objectives. Moreover, a claim of ineffective assistance of counsel cannot be properly resolved on appeal because there has been no opportunity to develop the record on the merits of these allegations. See U.S. v. Alanis, 88 Fed. Appx. 15, 19 (5th Cir. 2004). Thus, a criminal defendant is properly permitted to bring ineffective assistance of counsel claims in a collateral proceeding under Section 2255, regardless of

whether such claims could have been raised on direct appeal.  See id.

To prevail on his claims of ineffective assistance of counsel, Mosley must prove  (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial.  See Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984); Bryant v. Scott, 28 F.3d 1411, 1414-1415 (5th Cir. 1994). Under the first prong of the Strickland analysis, Mosley must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Strickland, 466 U.S. at 687, 104 S.Ct. at 2064.  The court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy.  Mosley may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance."  Id. at 690, 104 S.Ct. at 2066.  "Judicial scrutiny of counsel's performance must be highly deferential" and "requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."  Id. at 689, 104 S.Ct. at 2065.

Under the second prong of the Strickland test, Mosley must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different."  Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984).  Mosley must show that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 104 S. Ct. at 2068, 104 S. Ct. at 2068.  Unreliability and unfairness do not "result if the ineffectiveness

of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him."  Mangum v. Hargett, 67 F.3d 80, 84 (5th Cir. 1995).

Failure to establish either Strickland prong defeats the claim.  See Tucker v. Johnson, 115 F.3d 276, 280 (5th Cir. 1997).   Courts may also analyze the prongs in any order.  See Goodwin v. Johnson, 132 F.3d 162, 173 n. 6 (5th Cir. 1997) ("[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one.").

**Jury Trial**

Mosley argues that his attorney was ineffective for failing to object to a witness brandishing a weapon.  See Record Document 74 at 5.  He contends that this was prejudicial and "greatly impacted the verdict."  Id.  However, Mosley has failed to show that counsel's failure to object was deficient performance.  Strategic decisions made by counsel during the course of trial are entitled to substantial deference in the hindsight of federal habeas review.  See Strickland, 466 U.S. at 689, 104 S.Ct. at 2065.  This Court may not find ineffective assistance of counsel merely because it disagrees with counsel's chosen trial strategy.  See Crane v. Johnson, 178 F.3d 309, 312 (5th Cir.1999).  Further, other than the conclusory statement that the failure to object impacted the verdict, Mosley has not shown the prejudice that resulted from counsel's actions.

Next, Mosley contends that his attorney was ineffective for failing to call a key witness who could have exonerated him.  See Record Document 74 at 5.  The Fifth Circuit has held that "complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative."

Murray v. Maggio, 736 F.2d 279, 282 (5th Cir.1984).  Additionally, "where the only evidence

of a missing witness' testimony is from the defendant," courts should view claims of

ineffective assistance with great caution.  Schwander v. Blackburn, 750 F.2d 494, 500 (5th

Cir.1985).  In order to show prejudice in this instance, Mosley "must show not only that this

testimony would have been favorable, but also that the witness would have testified at trial."

Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985).  Mosley has not met this burden,

as he has not submitted any affidavits or statements from this "key witness" indicating what

his testimony would have been.

    Based on the foregoing, the Court finds that Mosley's ineffective assistance of

counsel claims relating to his jury trial fail and the Section 2255 motion on these grounds

is denied.

**Sentence**

    Mosley argues that his attorney "grossly underestimated [his] potential sentence

exposure upon going to trial."  Record Document 74 at 7.  According to Mosley, his attorney

"assured him that the most time he could receive was 12 years."  Id.  Mosley  provided only

these unsubstantiated assertions to support this claim.  Such conclusory allegations are

subject to summary dismissal.  See Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621,

1629 (1977) ("[P]resentation of conclusory allegations unsupported by specifics is subject

to summary dismissal, as are contentions that in the face of the record are wholly

incredible."); see also Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983) ("Furthermore,

bare, conclusory allegations unsupported by other indicia of reliability in the record, do not

compel a federal district court to hold an evidentiary hearing.  Thus, a district court does

not commit error when it disposes of a habeas petitioner's claims without holding a

full-fledged evidentiary hearing when those claims are unmeritorious, conclusory, and wholly unsupported by the record.").

The Court is left to assume that Mosley must be arguing that his counsel was deficient for recommending going to trial rather than pleading guilty.  The Fifth Circuit is generally hesitant "to impose the badge of deficiency on an attorney's measured judgment to go to trial instead of pleading guilty."  U.S. v. Faubion, 19 F.3d 226, 230 (5th Cir. 1994).  This hesitancy is based on the principle that even if a defendant pleads guilty, there are no guarantees as to what his sentence will be.  See id. at 228-229.  Here, even if Mosley had plead guilty, there is no guarantee as to what his sentence would have been.  There is simply no way for Mosley to demonstrate what his sentence could have or would have been following a guilty plea.  Thus, his argument is speculative, at best, and his Section 2255 motion on this ground is denied.

**Appeal**

Mosley's final argument is that his appellate attorney was ineffective when he failed to raise a "meritorious claim" concerning the Court's erroneous application of an enhancement under United States Sentencing Guideline § 2J1.7.  Record Document 74 at 8.  Mosley was attributed an enhancement under U.S.S.G. § 2J1.7 and 18 U.S.C. § 3147.[4]  See PSI, ¶¶ 22, 23; Record Document 62 at 2.  This enhancement was applied

---

[4]U.S.S. G. § 2J1.7 was deleted effective November 1, 2006.  18 U.S.C. § 3147 currently provides:

A person convicted of an offense committed while released under this chapter shall be sentenced, in addition to the sentence prescribed for the offense to –

(1)      a term of imprisonment of not more than ten years if the offense is a

because Mosley committed the drug and weapons offenses related to this matter while out on bond and awaiting designation to federal prison in relation to another federal criminal case, U.S. v. Perry A. Mosley, Docket No. 03-cr-50122, United States District Court, Western District of Louisiana.  Mosley's trial counsel objected to the § 2J1.7 enhancement; however, the Court overruled the objection:

> THE COURT:   All right.   In this instance, the Court has under consideration the Defendant's objection to paragraph 23 regarding the enhancement under Section 2(J)(1.7) of the U.S. Sentencing Guidelines.   Under the set of circumstances and facts that the Court has already placed into the record verbally today, I find that the enhancement under that section is appropriate and that the Defendant received adequate notice under this particular set of circumstances regarding additional possible penalties if he committed additional federal crimes after he received his sentence by Judge Stagg on the first federal crime that we were dealing with.

Sentencing transcript at 19.  In ruling on the objection, the Court further explained that it had "considered the *United States vs. Onick* decision, *U.S. vs. Bozza*, and the most recent case is *U.S. v. Dadi*, and cite[d] the *Dadi* decision which may or may not be in dicta that under this set of circumstances the notice of enhancement is in fact adequate."  Id.

Appellate counsel is not required to "raise every nonfrivolous ground that might be pressed on appeal."  Ellis v. Lynaugh, 873 F.2d 830, 840 (5th Cir. 1989).  As part of advocacy strategy, appellate counsel may choose the issues to raise on appeal that he

---

felony; or

(2)   a term of imprisonment of not more than one year if the offense is a misdemeanor.

A term of imprisonment imposed under this section shall be consecutive to any other sentence of imprisonment.

feels are the strongest.  See id.; Wicker v. McCotter, 783 F.2d 487, 497 (5th Cir. 1986).

Decisions by counsel concerning appellate strategy are accorded great deference.  See

Strickland, 466 U.S. at 689, 104 S.Ct. at 2065-2066; Murray, 736 F.2d at 282; Schwander,

750 F.2d at 500.

Here, Mosley was not rendered ineffective assistance of counsel.  His appellate

attorney's actions are easily within the wide range of reasonable competence and fall under

the ambit of appellate strategy.  Moreover,  Mosley has presented no argument as to

prejudice.  Mosley's ineffective assistance of counsel claim relating to his appeal fail and

the Section 2255 motion on this ground is denied.

## CONCLUSION

The Court finds that Mosley's claims relating to selective prosecution and

unconstitutional sentencing due to the crack cocaine/powder cocaine disparity are

procedurally barred.  The Court further finds that Mosley's claims concerning ineffective

assistance of counsel are without merit.  Accordingly, Mosley's Motion to Vacate, Set

Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 74) is **DENIED**.

**THUS DONE AND SIGNED**, at Shreveport, Louisiana, this 28th day of March, 2011.

_S. Maurice Hicks_

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE